IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERNON VINCOY, a minor,
by and through his mother and next friend,
Elizabeth Vincoy,

      Plaintiff,

      vs.                                        No. CIV 97-0296 JC/LFG

THE UNITED STATES OF AMERICA
and SAN JUAN REGIONAL MEDICAL CENTER,
d/b/a SAN JUAN AMBULANCE SERVICE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of the Motion to Dismiss or In the Alternative For Partial Summary Judgment (Doc. No. 48), filed by Defendant United States ("Defendant") on February 27, 1998. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motion is well taken in part and will be granted in part.

**Background**

This case arises from the allegedly negligent medical treatment of 19-month-old Vernon R. Vincoy at Presbyterian Medical Center ("PMC") in Farmington, New Mexico. Plaintiff brought the suit pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq. The parties agree that the United States is liable for the acts, errors, and omissions of the employees and agents of PMC under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C.

§ 233 (g)-(k) ("FSHCA") (holding United States liable for acts, errors, and omissions of employees and agents of entities that receive funds under certain federal grant programs).  Plaintiff has amended the complaint, adding San Juan Regional Medical Center ("San Juan") as a defendant for allegedly failing to timely transport Vernon Vincoy by ambulance to the emergency room at the San Juan Regional Medical Center.

Defendant moves to dismiss the FTCA claims insofar as Plaintiff seeks to recover more than the New Mexico statutory limitations on medical malpractice because i) the court does not have subject matter jurisdiction to enter such an award, and ii) the complaint fails to state a claim upon which relief can be granted.  Plaintiff argues that New Mexico law precludes the United States benefitting from the New Mexico Medical Malpractice Act ("NMMMA"), NMSA § 41-5-5(C), because it is not a qualified health care provider under the NMMMA.

**Analysis**

A plaintiff may recover against the government only to the extent the government has waived its sovereign immunity.  The FTCA, which provides a limited waiver of sovereign immunity, is the source of the government's liability in this case.  United States v. Orleans, 425 U.S. 807, 813 (1976).  The FTCA provides that the government shall be liable only "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The government's liability is determined by the "law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  Accordingly, New Mexico law, as applied to private parties in "like circumstances," determines the scope of the government's liability in this case.

Plaintiff argues, as does San Juan, that the United States is not a qualified health care provider under the NMMMA because it did not meet the burdens involved in the procedure for reviewing medical malpractice claims made mandatory by the NMMMA. Plaintiff maintains, therefore, the Court should treat the government as private defendants in "like circumstances" who eschewed the burdens of the NMMMA and preclude the government from taking the benefits of the NMMMA.

Several courts have held that the United States may benefit from a specific cap on tort liability although it did not otherwise comply with the statutory scheme which provides the cap. See, e.g., Carter v. United States, 982 F.2d 1141, 1144 (7th Cir. 1992); Lozada v. United States, 974 F.2d 986, 987-89 (8th Cir. 1992); Owen v. United States, 935 F.2d 734, 737 (5th Cir. 1991). Relying on Carter and Lozada, I also have found previously that the limitation of damages provision contained in the NMMMA applies to FTCA claims for medical malpractice against the United States. See Garcia v. United States, No. 93-0538 (D.N.M. May 18, 1994); Lee v. United States, No. 92-1327 (D.N.M. Mar. 29, 1995). "Where the United States has satisfied the objectives of a statutory scheme, it is to be considered in 'like circumstances' under the FTCA to a private party that has actually complied with the scheme." Nationwide Mut. Ins. Co. v. United States, 3 F.3d 1392, 1398 (10th Cir. 1993).

In this case, the United States has not actually complied with the specific requirements of the NMMMA. However, the United States is willing to perform the functional equivalent of formal compliance and pay the full amount of non-medical damages up to the limitation--$600,000--without any funds being withdrawn from the state compensation fund. Therefore, the United States has performed the functional equivalent of the requirement of contributing to the fund, "such that it is in

'like circumstances' to [a private tortfeasor] which has technically qualified under the act." See Lozada, 974 F.2d at 988.

However, the limitation of damages provision of the NMMMA benefits only a qualified health care provider as defined in the statute:

> A.  "health care provider" means a person, corporation, organization, facility or institution licensed or certified by this state to provide health care or professional services as a doctor of medicine, hospital, outpatient health care facility, doctor of osteopathy, chiropractor, podiatrist, nurse anesthetist or physician's assistant.

NMSA § 41-5-3(A).  Where the negligence of the doctors and hospital are concerned, the cap indisputably applies.  The complaint further alleges, however, that PMS personnel--including nurses, administrators, employees and agents of PMS--were negligent and caused Plaintiff's injuries. Whether these other alleged tortfeasors are included in the definition of "health care provider," and therefore entitled to the cap, is another question.

Arguing the cap applies to all employees of PMC, the United States points out that Plaintiff named only PMS in the original suit--the individual employees were not named defendants.  In addition, Plaintiff concedes the United States is the proper party defendant for the negligent acts, errors and omissions of PMS.  The United States, in essence, contends that since PMS is a qualified health care provider pursuant to the statute, and the other alleged tortfeasors were PMS employees whose negligence would be charged to PMS, the statute should be construed to limit damages for all PMS employees.  I disagree.

The individual tortfeasors--including the nurses, administrators and pharmacists named in the complaint--are not included in the plain language of the statute defining "health care provider." Furthermore, the government is entitled to be treated as a similarly-situated private tortfeasor.

See <u>Hill v. United States</u>, 81 F.3d 118, 121 (10th Cir. 1996).  It follows, then, that since individual tortfeasors falling within these categories are not entitled to the limitation of damages in NMMMA, neither is the United States.

Wherefore,

**IT IS ORDERED** that Defendants' motion to dismiss be, and hereby is, **granted in part.** Plaintiff's recovery for the negligent acts, errors or omissions of the doctor or hospital under the FTCA, if any, except for medical care and related benefits, shall be limited to the sum of $600,000. Plaintiff's recovery for the negligent acts, errors or omissions of an administrator, pharmacist, or nurse, if any, shall not be limited to the sum of $600,000.

DATED this 1st day of June, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Luis G. Stelzner |
| | Tessa T. Davidson |
| | Sheehan, Sheehan & Stelzner |
| | |
| | Joseph J. Branney |
| | Branney, Hillyard and Barnhart, L.L.P. |
| | Englewood, Colorado |
| | |
| | James A. Branch, Jr. |
| | Albuquerque, New Mexico |
| | |
| Counsel for United States: | Raymond Hamilton |
| | Assistant U. S. Attorney |
| | U. S. Attorney's Office |
| | District of New Mexico |
| | Albuquerque, New Mexico |
| | |
| | Matthew L. Zabel |
| | Trial Attorney |
| | Torts Branch, Civil Division |
| | U. S. Department of Justice |
| | Washington, D.C. |
| | |
| | David C. Davenport, Jr. |
| | Rodey, Dickason, Sloan, Akin & Robb |
| | Albuquerque, New Mexico |
| | |
| Counsel for San Juan: | W. R. Logan |
| | Robert J. Curtis |
| | Civerolo, Gralow & Hill |
| | Albuquerque, New Mexico |