**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VERNON VINCOY, a minor, by and through
his mother, and next friend, Elizabeth Vincoy,

      Plaintiff,

      vs.                                    No. CIV 97-0296 JC/LFG

THE UNITED STATES OF AMERICA, and
THE SAN JUAN REGIONAL MEDICAL
CENTER, d/b/a San Juan Ambulance Services,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant San Juan Regional Medical Center's Motion to Preclude Expert Testimony *(Doc. No. 58)*, filed May 8, 1998. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken in part, and will be granted in part.

**I.**    **Background**

This case arises from the allegedly negligent medical treatment of nineteen-month-old Vernon Vincoy at Presbyterian Medical Center ("PMC") in Farmington, New Mexico. Plaintiff brought the suit pursuant to the Federal Tort Claims Act. The parties agree that the United States is liable for the acts, errors, and omissions of the employees and agents of PMC under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233 (g)-(k) (imposing liability on the United States for negligence of employees and agents of entities that receive funds under certain federal grant programs). Plaintiff amended the complaint to add San Juan Regional Medical Center ("San Juan")

as a defendant for allegedly failing to timely transport the toddler by ambulance at the San Juan Regional Medical Center.

Defendant San Juan moves to preclude the expert testimony of three expert witnesses for the United States--Dr. Henry, Dr. Rothfeld, and Dr. Schultz.  San Juan claims Defendant United States failed to comply with Fed. R. Civ. P. 26(a)(2)(B) and that such failure to comply is neither justified nor harmless.  Defendant United States claims that it has complied with Rule 26, and any inadvertent non-compliance is harmless.

**II.     Analysis**

Disclosure of certain background facts enables a party to prepare for cross-examination of an expert witness at deposition or at trial.  Nguyen v. IBP, Inc., 162 F.R.D. 675 (D. Kan. 1995).  Thus, the federal discovery rules specifically require that disclosure of a witness who is specially employed or retained as an expert shall be accompanied by a written report that is prepared and signed by the expert.  This report is to include all of the following:

1. A complete statement of all opinions to be expressed and the basis and reasons therefor;

2. The data or other information considered by the witness in forming the opinions;

3. Any exhibits to be used as a summary of or support for the opinions;

4. The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

5. The compensation to be paid for the study and testimony; and

6. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).  These requirements were enacted to eliminate unfair surprise to the opposing party and to conserve resources, Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995), as well as reduce the need for and length of depositions.  See 1993 Advisory Committee Notes.

The requirements of Rule 26(a) are mandatory.  "If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case." Nguyen, 162 F.R.D. at 681.  The Court will examine the reports of the three expert witnesses and certain "supplemental letters" provided by the United States in light of these standards.

### A.  Dr. Schultz

Dr. Schultz submitted a one-page report in which he stated that "the standard of care for [Vincoy's] seizure management was met by personnel at the Farmington Community Health Center." While Dr. Schultz does provide a list of the documents he reviewed in coming to that conclusion, he does not provide any specific references to those documents, nor does he give any reasons for the conclusion.  The report also fails to identify Dr. Schultz's qualifications, publications, previous testimony, or compensation.  The supplemental letter provided by Defendant United States provides Dr. Schultz's hourly compensation rate, but does not address any other deficiencies.  In fact, the letter states that "[t]he basis and reasons for the doctor's opinions can be explored and detailed at his deposition."

### B.  Dr. Rothfeld

Dr. Rothfeld provides a one-page report along with a curriculum vitae and his opinions with respect to oxygen, cooling and intubation.  The report lists the various data Dr. Rothfeld used in forming his opinions, but provides no specific references to the data.  The report is also lacking in the

reasons for the doctor's conclusions, as well as his compensation, publications and previous testimony. The supplemental letter issued by Defendant United States provides Dr. Rothfeld's hourly compensation rate and identifies one case in which he previously testified. However, the letter does not correct the other deficiencies in the report.

### C.  Dr. Henry

Dr. Henry's report and curriculum vitae are the most detailed of the three. Yet again, however, not all of the requirements under Rule 26(a)(2)(B) have been satisfied. The report lacks the bases and reasons for some of Dr. Henry's conclusions, does not provide specific references to the data consulted, and fails to list compensation and previous testimony. The supplemental letter provided by Defendant United States does state Dr. Henry's hourly rate of compensation, and attempts to provide a list of the cases in which Dr. Henry has previously been deposed or testified. However, that list is incomplete in that it only gives the name of the attorney and the case names. It does not identify the court or provide the case number and whether the testimony was by deposition or at trial--elements other courts have found to be minimum requirements under Rule 26(a)(2)(B). See id. at 682.

The Court finds that all three reports are far from the complete and detailed statement contemplated by Rule 26(a)(2)(B). The reports provided are vague at best, do not eliminate the need for or length of depositions, and they do not enable the opposing party to effectively prepare for cross-examination. Thus, they are insufficient to meet the discovery requirements for expert witnesses under Rule 26(a)(2)(B). The supplemental letter provided by Defendant United States does little to cure the defects in the reports, and in fact encourages a lengthy deposition of Dr. Schultz.

Having determined that the expert reports violate the letter and the intent of Rule 26, the Court turns now to the appropriate remedy. The Court is authorized to impose sanctions on a party who fails to comply with the discovery requirements of Rule 26, unless such a failure is harmless. Fed. R. Civ. P. 37(c)(1). I simply cannot characterize the United States' failure to submit complete and detailed reports as harmless. See Nguyen, 162 F.R.D. at 682 (the failure to provide a complete listing of cases in which the expert witness previously testified is not harmless). By its omissions in the expert reports, the United States has caused the need for lengthy and expensive depositions while making no effort whatsoever to conserve resources. In short, the harm sought to be avoided by the rule was created by defendant's failure to comply with the rule.

Generally, the imposition of sanctions is within the discretion of the trial court. Orjias v. Louisiana-Pacific Corp., 31 F.3d 995, 1005 (10th Cir. 1994). Although the Court may prohibit the use of the information as evidence, exclusion of testimony that results in fundamental unfairness in the trial of the case may constitute abuse of discretion. Id. Because discovery has not yet closed in this case and the United States has the opportunity to correct the reports' deficiencies, I find that exclusion of the expert testimony would result in fundamental unfairness. Instead, I find that an award of costs and attorney's fees in preparing for and taking the depositions of Drs. Henry, Rothfeld, and Schultz constitutes the appropriate sanction for violation of Rule 26(a)(2)(B) in this matter.

Wherefore,

**IT IS ORDERED** that Defendant San Juan Regional Medical Center's Motion to Preclude Expert Testimony *(Doc. No. 58)*, be, and hereby is, **granted in part**. Defendant United States is hereby ordered to pay Defendant San Juan Regional Medical Center's costs and attorney fees in

preparing for and taking the depositions of Dr. Rothfeld and Dr. Schultz. It is further ordered that the deposition of Dr. Henry may be retaken with the United States to pay all associated attorney fees and costs. In all other respects, the motion is denied.

DATED this 30th day of July, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Defendant United States of America:

> Raymond Hamilton
> Assistant United States Attorney
> U. S. Attorney's Office
> District of New Mexico
> Albuquerque, New Mexico

Counsel for Defendant San Juan Regional Medical Center:

> Robert J. Curtis and W. R. Logan
> Civerolo, Gralow & Hill
> Albuquerque, New Mexico