IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIZABETH VINCOY, and
VERNON GLADDEN, Joint Conservators
and next friends for and on behalf of
Vernon R. Vincoy, an incapacitated minor,

        Plaintiffs,

        vs.                                                                No. CIV 97-0296 JC/LFG (ACE)

UNITED STATES OF AMERICA and
SAN JUAN REGIONAL MEDICAL
CENTER, d/b/a San Juan Ambulance Services,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant San Juan Regional Medical Center's ("SJRMC's") Motion in Limine to Exclude Evidence *(Doc. 95)*, filed January 19, 1999; Defendant SJRMC's Objections to Ann Perier's Trial Deposition Testimony *(Doc. 98)*, filed January 19, 1999; Defendant SJRMC's Objections to Patricia Tucker's Trial Deposition Testimony *(Doc. 99)*, filed January 19, 1999; Defendant SJRMC's Objections to Notice of Deposition Testimony of John Garretson and Charles Haines *(Doc. 105)*, filed January 25, 1999; and Defendant United States of America's Motion in Limine to Prohibit Certain Questioning of Decio S. Rubano *(Doc. 113)*, filed February 2, 1999. The Court has reviewed the motions and objections, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that SJRMC's Objections to Patricia Tucker's Trial Deposition Testimony *(Doc. 99)* are well taken and will be sustained. The Court further finds that SJRMC's Motion in Limine to Exclude Evidence *(Doc. 95)*, Objections to

Ann Perier's Trial Deposition Testimony *(Doc. 98)*, and Objections to Notice of Deposition Testimony of John Garretson and Charles Haines *(Doc. 105)* are well taken in part and will be granted in part. The Court further finds that Defendant USA's Motion in Limine to Prohibit Certain Questioning of Decio S. Rubano *(Doc. 113)* is not well taken and will be denied.

I.  **Background**

This case arises from the alleged negligence of employees of Presbyterian Medical Center ("PMC") and San Juan Regional Medical Center in Farmington, New Mexico in providing medical treatment and emergency ambulance services to Vernon R. Vincoy ("V.R.") when he was an eighteen-month old child. V.R. was brought to the Presbyterian Medical Center clinic with a fever. While in the waiting room, he started to suffer seizures. Plaintiffs allege that the medical treatment was ineffective in stopping the seizures due to the negligence of PMC. Plaintiffs also allege that the medical care and emergency ambulance services delayed V.R.'s treatment at a nearby hospital emergency room and deprived him of an adequate oxygen supply to the brain. The parties agree that V.R. suffers from severe and permanent brain damage.

II. **Motion in Limine re: Stanley Handmaker**

Defendants intend to call Stanley Handmaker as an expert witness to show that V.R.'s life expectancy will be much less than that of an average child. Handmaker was relieved of certain administrative responsibilities as Director of Developmental Disabilities Division at University of New Mexico Hospital. Defendants wish to exclude evidence on the subject of Handmaker being relieved of these responsibilities. Defendants cite a footnote from my December 28, 1998 opinion on Plaintiffs' Motion in Limine *(Doc. 94)* to support the proposition that this evidence is irrelevant.

When read in context, the footnote indicates that evidence that Handmaker was relieved of his administrative responsibilities is not relevant for deciding a motion on whether Handmaker should be allowed to testify as an expert. This does not mean the evidence is irrelevant for all purposes.

Evidence that Handmaker was relieved of his responsibilities may be relevant for the trier of fact to properly assess Handmaker's credentials and credibility. If Defendants present Handmaker's credentials as the former director of the division ("opening the door" to this issue), then Plaintiffs will be entitled to cross examine Handmaker on the subject. Similarly, if the allegations against Handmaker are probative of truthfulness or untruthfulness, Plaintiffs are entitled to cross examine Handmaker on these issues in accordance with Rule 608(b) of the Federal Rules of Evidence. However, Plaintiffs shall not present extrinsic evidence on this issue, and any cross examination must be brief and must be directed toward the two permissible issues stated in this paragraph. *See* FED. R. EVID. 608(b) & 403.

### III. Objections to Ann Perier's and Patricia Tucker's Deposition Testimony

Defendant SJRMC's objections to questions and testimony relating to whether Presbyterian Medical Services is a nonprofit clinic are sustained. Whether or not Presbyterian Medical Services is a nonprofit clinic is irrelevant to this case.

Defendant SJRMC's objections to Perier's testimony about Garretson's conversations with the EMT's are sustained on hearsay grounds. The testimony elicited by Mr. Hamilton includes both hearsay and multiple hearsay--Perier is testifying as to what Garretson said that the EMT's said. *See* Perier Dep. at 32:10 to 33:17; 42:22 to 43:22. The evidence is being offered by Defendant USA and thus Garretson's statements are not admissions of a party opponent. None of the other hearsay

exceptions apply. Defendant's objection as to Perier Dep. 50:11-23 is sustained as well on hearsay grounds.

SJRMC's objections to Perier's testimony that Garretson appeared angry are sustained in part and overruled in part. Perier's opinion that Garretson appeared angry is rationally based on her perceptions and is therefore a permissible lay opinion. The fact that Garretson appeared "angry" is not a statement in and of itself. This nonverbal conduct becomes a statement only when coupled with a reason for Garretson's anger, i.e., that the EMT's did something wrong, so that Garretson's conduct becomes an assertion. My review of the deposition excerpts reveals several times where Defendant USA is attempting to use Garretson's anger as a nonverbal assertion that the EMT's did something wrong. *See* Perier Dep. at 34:9 to 34:21. Therefore, I will sustain SJRMC's objection as to these excerpts.

SJRMC's objections to Perier's testimony as to why the clinic does not purport to be an emergency room are overruled. Ms. Perier was the clinic administrator and testified that she knew the clinic did not hold itself out as an emergency room. This is enough foundation to establish that she would be in a position to know why the clinic did not hold itself out as an emergency room. I also note that SJRMC did not object to the question on the grounds that it was impermissibly leading. SJRMC's objections to Perier's testimony on febrile seizures are also overruled. Perier testified that she had experience and training with febrile seizures. The Federal Rules of Evidence do not forbid a nurse with specialized training and experience from testifying on this issue.

SJRMC's objection to Patricia Tucker's testimony on febrile seizures is sustained. Unlike Ann Perier's testimony, no foundation was laid that Patricia Tucker had any experience or training in this area.

I will grant Plaintiff's request that any expense required to edit the videotape depositions be borne by Defendant United States of America. The material to be excised from the depositions of Perier and Tucker was inserted by the attorney for the United States and many of the questions, such as those relating to nonprofit status, were clearly objectionable.

**IV.     Objections to Deposition Testimony of
         John Garretson and Charles Haines**

Defendant SJRMC objects to deposition testimony on the grounds that these witnesses have not been shown to be unavailable. It appears that these witnesses will be available for trial, so it is unnecessary for me to decide this objection at this time.

If these witnesses are unavailable for trial and their depositions used, I will sustain the remaining objections in part. Dr. Garretson's testimony at 105:5-10 is not based on personal knowledge and therefore violates Rule 602. The objections to Dr. Haines' testimony as to the effectiveness of the EMT's treatment are overruled. As a treating physician with specialized training in this area, Haines may testify as to his opinion on whether the treatment and transportation was effective in this case. The objections as to Dr. Haines' testimony on what Dr. Garretson told him regarding the EMT's use of Valium and when V.R. stopped breathing are sustained. This testimony is not based on personal knowledge but is inadmissible multiple hearsay. None of the exceptions cited by Plaintiffs apply.

**V.      Motion to Prohibit Certain Questioning
         of Decio S. Rubano**

Defendant United States' motion is denied for the reason that Rule 608(b) permits cross examination as to conduct concerning the witness' character for truthfulness. Mr. Rubano, at a

deposition, made certain statements under oath regarding his law school grades that could be viewed as false, evasive or misleading. For example, he stated that his "grades were fine" when in fact they were so low that he was academically ineligible to continue in school without petitioning for readmission. Although Mr. Rubano's law school grades may not be relevant, his credibility under oath is relevant. Therefore, I will allow Plaintiffs to briefly broach this subject on cross examination.

Wherefore,

**IT IS ORDERED** that Defendant SJRMC's Objections to Patricia Tucker's Trial Deposition Testimony *(Doc. 99)* are **sustained**; SJRMC's Motion in Limine to Exclude Evidence *(Doc. 95)*, is **granted in part**; SJRMC's Objections to Ann Perier's Trial Deposition Testimony *(Doc. 98)*, and Objections to Notice of Deposition Testimony of John Garretson and Charles Haines *(Doc. 105)* are **sustained in part**; and Defendant USA's Motion in Limine to Prohibit Certain Questioning of Decio S. Rubano *(Doc. 113)* is **denied**.

**IT IS FURTHER ORDERED** that Defendant United States shall pay any reasonable and necessary expenses to edit the videotape depositions of Ann Perier and Patricia Tucker.

DATED this 8th day of February, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

>James A. Branch, Jr.
>Albuquerque, New Mexico
>
>Joseph J. Branney
>Branney, Hillyard and Barnhart
>Englewood, Colorado

Counsel for Defendant United States:

>Raymond Hamilton
>Assistant U. S. Attorney
>U. S. Attorney's Office
>District of New Mexico
>Albuquerque, New Mexico

Counsel for Defendant San Juan RMC:

>W. R. Logan
>Civerolo, Gralow & Hill
>Albuquerque, New Mexico